United States District Court

For the Northern District of California

1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   KENNETH ARNOLD,                              No. C 12-02115 WHA

11          Plaintiff,

12     v.                                         **ORDER TO SHOW CAUSE
                                                  REGARDING REFERRAL OR**
13   BLUE SHIELD OF CALIFORNIA,                   **SANCTION OF ADAM PINES**

14          Defendant.

15   _____/

16          In a November 15 submission, defendant's counsel Adam Pines represented to the Court

17   that "the practice [in ERISA disputes] of soliciting input from third-party reviewers that are

18   identified by training and qualifications, but not by name, is . . . regularly approved by the

19   courts" (Dkt. No. 23).  The Court has reviewed the case authority cited by defendant's counsel

20   for this proposition and concludes these cases hold the opposite.  To wit:  that the practice of

21   failing to identify third-party reviewers by name violates ERISA.  *Simonia v. Glendale*

22   *Nissan/Infiniti Disability Plan*, 378 Fed. App'x 725, 727 (9th Cir. 2010) (assuming without

23   deciding that the failure to identify a medical reviewer violates ERISA); *Lukas v. United*

24   *Behavioral Health*, No. 09-2423, 2011 WL 1459157, at *17 (E.D. Cal. Apr. 15, 2011) ("The

25   Plan Administrator did not provide the name of the physician to plaintiffs.  This resulted in a

26   violation of ERISA procedures."); *Gaines v. Guardian Life Ins. Co. of Am.*, No. 09-1762, 2010

27   WL 1759579, at *7 (D. Md. Apr. 30, 2010) (ERISA's plain language compels an administrator

28   to identify a medical consultant upon plaintiff's request).

1    It appears that defendant's counsel Adam Pines has violated California Rule of

2 Professional Conduct 5-200, which states that a member of the bar "[s]hall not seek to mislead

3 the judge, judicial officer, or jury by an artifice or false statement of fact or law."  The Court

4 hereby issues an **ORDER TO SHOW CAUSE** why a referral or other sanction should not be

5 imposed upon Adam Pines for this conduct.  Adam Pines shall respond to this order by

6 **DECEMBER 6 AT NOON**.

7

8        **IT IS SO ORDERED.**

9

10   Dated:   November 26, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2